**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **KEVIN DAVID TOVAR SUAN** | **CIVIL CASE NO. 26-3343 SEC P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **WINN CORRECTIONAL CENTER, ET AL** | **MAGISTRATE JUDGE MCCLUSKY** |

## MEMORANDUM ORDER

Pending before the Court is an Emergency Motion for Temporary Restraining Order and Preliminary Injunction filed by Kevin David Tovar Suan ("Petitioner"). (R. Doc. 2). Having carefully considered Petitioner's submissions and the applicable law, Petitioner's Motion is **DENIED**.

Petitioner's Motion seeks a temporary restraining order on two grounds. First, Petitioner "asks the Court to preserve meaningful access to this Court, his legal papers, legal mail, necessary communications, and the ability to prosecute his habeas action." *See* R. Doc. 2 at 2. These claims, however, do not relate to the cause of Petitioner's detention, so they are not cognizable in the habeas context. *See Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976) ('[H]abeas is not available to review questions unrelated to the cause of detention."). Even if Petitioner were denied access to the courts or the ability to prosecute his habeas action, this would not make his confinement illegal, and the remedy for such a violation would not be release. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) ("If 'a favorable

determination … would not automatically entitle [the detainee] to accelerated release,' the proper vehicle is a § 1983 suit.") (citation modified) (quoting *Orellana v. Kyle,* 65 F.3d 29, 31 (5th Cir.1995) (per curiam), *cert. denied,* 516 U.S. 1059 (1996)). Such claims should be raised in a civil rights complaint. *See Williams v. Pearce*, 539 F. App'x 324 (5th Cir. 2012) (per curiam) (affirming district court's finding that access to courts claim was not cognizable under § 2241); *see also Turner v. Warden*, No. 06-1649, 2006 WL 3524024, at *6 n.7 (W.D. La. Nov. 1, 2006) (noting that access to the court claims are appropriately raised in a civil rights complaint "since they form no basis for habeas corpus relief"); *Bennett v. Banks*, No. 10-15, 2012 WL 5613050, at *1 n.2 (S.D. Miss. Oct. 12, 2012) (same); *Jupiter v. Warden*, 237 F. App'x 726, 728 (3rd Cir. 2007) (per curiam) (noting that an "access to the courts claim does not lie at the core of habeas and, thus, is not cognizable under § 2241"); *United States v. Akers*, 807 F. App'x 861, 867 (10th Cir. Apr. 3, 2020) ("As for the second issue, the district court correctly held that the proper mechanism for Akers to challenge the prison officials' alleged interference with his ability to retain and communicate with counsel is in a civil rights action, not in a habeas petition.") (citation omitted).

Second, Petitioner asks this Court to prohibit "another interstate transfer" while the Court considers his habeas petition. *See* R. Doc. 2 at 2. However, injunctive relief on these grounds is unwarranted. *See Oliveira v. Patterson*, No. 25-01463, 2025 WL 3091705, at *1 (W.D. La. Oct. 9, 2025) (explaining that transfer of a petitioner to another facility located within the United States does not affect a court's jurisdiction); *see also Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014) ("Jurisdiction attached on

that initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change.").

For the foregoing reasons,

**IT IS ORDERED** that Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction is **DENIED**.

**THUS DONE AND SIGNED** this 1st day of September, 2026.

Jerry Edwards, Jr.

**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**